IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES LOUIS DOCKEMEYER, JR., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, Acting )<br>Commissioner, Social Security )<br>Administration, )<br>)<br>    Defendant. ) | Case No. CIV-13-1328-HE |

## REPORT AND RECOMMENDATION

Defendant Acting Commissioner (Commissioner) issued a final decision denying James Dockemeyer's (Plaintiff) application for disability insurance benefits under the Social Security Act, and Plaintiff seeks judicial review under 42 U.S.C. § 405(g). United States District Judge Joe Heaton referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3), and Fed. R. Civ. P. 72(b), and it is now before the undersigned Magistrate Judge. The undersigned has reviewed the pleadings, administrative record (AR), and parties' briefs, and recommends that the court reverse and remand the Commissioner's decision.

**I.    Administrative proceedings.**

In his application for benefits, Plaintiff alleged that his impairments became disabling in June 2009. AR 127-33. The Social Security

Administration (SSA) denied Plaintiff's claim, and at his request, an ALJ conducted a hearing. *Id.* at 33-66. In his August 2012 decision, the ALJ found that Plaintiff is not disabled. *Id.* at 28. The SSA Appeals Council declined Plaintiff's request for review, *id.* at 1-6, and Plaintiff now seeks review in this Court. Doc. 1.

## II. Disability determination.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving he has one or more severe impairments. *See* 20 C.F.R. § 404.1512; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If he succeeds, the ALJ will conduct a residual functional capacity (RFC)[2] assessment at step four to determine what, if anything, Plaintiff can still do despite his impairments. *See* 20 C.F.R. § 404.1545(e);

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

*Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993). Then, if Plaintiff makes a prima facie showing that he cannot engage in prior work activity, the burden shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

### III. Plaintiff's claims.

Plaintiff alleges that the ALJ committed reversible error in failing to consider and discuss the Veteran Administration's (VA) assessment that Plaintiff is 100% disabled. Doc. 16, at 12-17. In a separate yet intertwined argument, Plaintiff complains that the ALJ failed to provide legitimate reasons for rejecting psychiatrist Dr. Jorg J. Pahl's opinion on Plaintiff's mental limitations. *Id.* at 16-17, 18-20. The undersigned agrees with both allegations and has therefore elected not to address Plaintiff's remaining claims. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

### IV. Analysis.

#### A. Standard for review.

This Court's review is limited to whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal

standards. *See Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). The ALJ's "failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Andrade*, 985 F.2d at 1047 (citation omitted).

### B. The ALJ's findings.

As relevant to this analysis, the ALJ found that Plaintiff has severe "obesity, degenerative disc disease of the cervical spine, sleep apnea and plantar fibroma near the [first] metatarsophalangeal joint on the right foot." AR 20. The ALJ considered, but implicitly found non-severe, Plaintiff's mental impairments. *Id.* at 20-24. The ALJ did not incorporate any mental limitations into Plaintiff's RFC, finding only that Plaintiff can perform a less than full range of light work. *Id.* at 25. Ultimately, the ALJ opined that Plaintiff cannot return to his past relevant work, but can perform work existing in significant numbers in the national economy. *Id.* at 26-27.

### C. The VA's disability determination.

The VA determined that Plaintiff "currently [has] a total service-connected disability, permanent in nature" and that his "combined evaluation is now 100 percent effective October 20, 2009." *Id.* at 164. The VA further noted that Plaintiff "will no longer be required to have a future examination

4

of [his] PTSD [Post Traumatic Stress Disorder because,] as the examiner stated[,] [his] prognosis is poor." *Id.*

### 1. An ALJ's duty to discuss the VA's disability rating.

Under SSA regulations, "[a] decision by any . . . other governmental agency . . . that [a claimant] is disabled . . . is not binding on [the SSA]." 20 C.F.R. § 404.1504. Nevertheless, in the Tenth Circuit "it is evidence that the ALJ must consider and explain why he did not find it persuasive." *Grogan v. Barnhart*, 399 F.3d 1257, 1262-63 (10th Cir. 2005) (citing *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1993) ("Although findings by other agencies are not binding on the [Commissioner], they are entitled to weight and must be considered.") (quotation omitted)). The ALJ's acknowledgment of the VA's disability rating, with a comment that it is not binding on the Commissioner, is insufficient. *See Kanelakos v. Astrue*, 249 F. App'x 6, 8 (10th Cir. 2007). In other words, an ALJ's failure to specifically discuss the VA's "view of the medical evidence" is "a clear violation of the *Grogan* holding and compels a remand . . . ." *Id.*

### 2. The ALJ's consideration of the VA rating.

The ALJ addressed Plaintiff's VA rating in one paragraph, stating:

> [A]lthough the claimant asserts he is disabled because VA says he is 100% disabled; in this connection, Social Security Regulation[] No. 4, Section 404.1504 provides that a decision by any non-government agency or any governmental agency that an individual is disabled is based on its rules. The Social Security

> Administration must make a determination of disability based on Social Security Law. Therefore, a determination by another agency that a claimant is disabled is not binding on this Administration.

AR 23. Apart from this statement, the ALJ did not otherwise mention the VA disability determination in his hearing decision or specifically discuss his reasons for rejecting the VA's disability determination. *Id.* at 18-28.

The ALJ's boilerplate language is legally insufficient, amounting to "a clear violation of the *Grogan* holding." *Kanelakos*, 249 F. App'x at 8. Here, the VA specifically noted Plaintiff's poor prognosis for his PTSD, finding that he is 50% disabled on that impairment alone. AR 163. Conversely, the ALJ implicitly found that Plaintiff has no severe mental impairments and did not include any mental limitations in Plaintiff's RFC. *Id.* at 20, 25. This inconsistency compounds the ALJ's error. *See Kanelakos*, 249 F. App'x at 8. As the Tenth Circuit explained,

> This fundamental *Grogan* error [i.e., mentioning the VA rating and stating simply that the SSA and VA standards differ] is compounded by the ALJ's determination that Mr. Kanelakos had not shown that his diagnosed mental impairments were severe at step two of the evaluation process. At step two, a claimant bears the burden of making "a threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities." "This is a de minimus showing." Here, as in *Grogan*, "the ALJ's failure to discuss the significance of the VA's disability evaluation in concluding that claimant had not met the 'de minimus' required showing of a severe impairment at step two was reversible error."

6

*Id.* (citations and internal brackets omitted); *see also Grogan*, 399 F.3d at 1263 ("We therefore hold that the ALJ's failure to discuss the significance of the VA's disability evaluation in concluding that Grogan had not met the 'de minimus' required showing of a severe impairment at step two was reversible error.").

### 3. The Commissioner's rationalization of the ALJ's findings.

Despite the ALJ's obvious lack of discussion, the Commissioner argues that "[t]he ALJ properly considered all of the evidence, including the [VA]'s disability ratings, before finding that Plaintiff was not disabled." Doc. 17, at 4. To support that argument, however, the Commissioner cites only to the ALJ's general discussion of the evidence and then the Commissioner attempts to show how that evidence "refute[s]" or "lessen[s] the relevance of the 100% disability rating." *Id.* at 5-10. The undersigned finds that this post-hoc rationalization does not cure the ALJ's error. *See Grogan*, 399 F.3d at 1263 (criticizing the district court's "attempt to read into" the ALJ's decision to find a valid VA rating discussion, and holding that "the district court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself.").

The Commissioner's evidence recitation and comparison to the VA findings could be further read as an attempt to show that the ALJ's error is harmless. But, as discussed above, had the ALJ properly discussed the VA's disability rating, that might have supported Plaintiff's "de minimus" showing that he suffers from a severe mental impairment. And, such a showing could have caused the ALJ to include mental limitation in Plaintiff's RFC. *See id.*; *Kanelakos*, 249 F. App'x at 8. The ALJ's error in rejecting Dr. Pahl's opinion regarding Plaintiff's mental impairment and limitations only further complicates the issue. *See infra* § IV.D.2. So, the Commissioner relies on incomplete evidence to suggest that Plaintiff's VA disability rating would not have affected the ALJ's decision.

**D. Dr. Pahl's opinion.**

The undersigned likewise finds that reversal is necessary based on the ALJ's rejection of Dr. Pahl's medical opinion.

**1. The ALJ's duty to give legitimate reasons for rejecting a medical opinion.**

An ALJ must consider all medical opinions in the record. *See* 20 C.F.R. § 404.1527(b). The ALJ had a duty to weigh Dr. Pahl's opinion and "to provide specific, legitimate reasons for rejecting it[.]" *Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003).

## 2. The ALJ's rejection of Dr. Pahl's opinion.

Dr. Pahl examined Plaintiff in February 2010 for symptoms of PTSD and major depressive disorder. AR 681. Dr. Pahl noted that his findings were "based on a second interview with [Plaintiff], a review of his medical records, and a review of his DD 2147." *Id.* Dr. Pahl documented Plaintiff's family and social history, medications, activities and functions, and reviewed Plaintiff's "stressor information." *Id.* at 681-83. After his review and mental health examination, Dr. Pahl diagnosed Plaintiff in relevant part with: (1) Axis I, PTSD and major depressive disorder, and (2) Axis IV, "severe occupational, psychosocial, and social environmental problems." *Id.* at 683. Regarding the PTSD diagnosis, Dr. Pahl stated:

> The Axis I diagnosis meets the diagnostic criteria of PTSD . . . because the following criteria are present: In criteria A, the claimant has been exposed to a traumatic event which involved actual death, threatened death, serious injury, threat to the physical integrity of self and threat to the physical integrity of other. The claimant responded with intense fear and horror. In criteria B, the traumatic event is persistently experienced in the following ways: recurrent recollection of the event, feeling as if the traumatic events were recurring, recurrent distressing dream of the event, intense distress at exposure to a similar event and physiological reactivity that symbolizes an aspect of the traumatic event. In criteria C, the claimant demonstrates persistent avoidance of the stimuli associated with the trauma, as follows: efforts to avoid thoughts, feelings or conversation associated with the trauma, markedly diminished participation in activities, effort to avoid activities that arouse the event, feeling of detachment or estrangement from others, inability to recall an aspect of the trauma, restricted range of affect and sense of a foreshortened future. In criteria D, the claimant has

> persistent symptoms of increased arousal as follows: difficulty falling or staying asleep, difficulty concentrating, irritability or outbursts of anger, hypervigilance and exaggerated startle response. . . . The disturbance causes distress or impairment in social, occupational, or other areas of functioning. The disease is chronic with the duration of symptoms three months or more.

*Id.*

In summary, Dr. Pahl found that Plaintiff "has difficulty establishing and maintaining effective work/school and social relationships because he prefers to isolate himself from others at times. . . . The prognosis for the psychiatric condition is poor." *Id.* at 683-84.

The ALJ referenced this exhibit and rejected Dr. Pahl's opinion because,

> "[It] appeared [to be] based upon [Plaintiff's] subjective complaints rather than the overall appearance when considering he was alert and oriented; [he] had appropriate hygiene and appearance; his behavior was appropriate; he made good eye contact; his concentration was normal[;] and his memory was intact. Panic attacks were absent. He denied suicidal/homicidal ideation or audio/visual hallucinations."

*Id.* at 23. The ALJ twice erred in this assessment.

First, the ALJ stated that Dr. Pahl's opinion was based on Plaintiff's subjective complaints, yet Dr. Pahl specifically stated that his opinion was *also* based on Plaintiff's medical record. *Id.* at 681. Moreover, the "practice of psychology is necessarily dependent, at least in part, on a patient's

10

subjective statements." *Thomas v. Barnhart*, 147 F. App'x 755, 759 (10th Cir. 2005).

Second, Dr. Pahl very specifically and methodically set out why he believed that Plaintiff met every diagnostic criteria for PTSD. AR 683. Ignoring that, the ALJ essentially ruled that Plaintiff does not suffer from severe PTSD because he was – in one examination – appropriately dressed and able to communicate, able to make eye contact, and denied wanting to kill himself or others. *Id.* at 23. But Dr. Pahl acknowledged Plaintiff's appearance and behavior and nevertheless found that Plaintiff suffered from PTSD. *Id.* at 682-83. The ALJ improperly substituted his lay opinion for Dr. Pahl's professional opinion. *See, e.g., Winfrey v. Chater*, 92 F.3d 1017, 1022 (10th Cir. 1996) ("The ALJ clearly overstepped his bounds when he substituted his medical judgment for that of Dr. Spray, by determining that the results of the MMPI-2 test were not an adequate basis on which to make a diagnosis."); *Miranda v. Barnhart*, 205 F. App'x 638, 641 (10th Cir. 2005) (holding that the ALJ erred in rejecting a medical opinion because it was based in part on claimant's subjective complaints, where the physician noted inconsistencies in the claimant's statements and "rendered his opinion in light of that knowledge," and noting that "the ALJ's approach impermissibly put him in the position of judging a medical professional on the assessment of medical data").

11

For both reasons, the undersigned finds that the ALJ failed to provide *legitimate* grounds for rejecting Dr. Pahl's medical opinion. *See Doyal*, 331 F.3d at 764.

## V.     Recommendation and notice of right to object.

Based on the ALJ's two independent but intertwined errors – the failure to (1) sufficiently discuss the VA's disability rating and (2) provide legitimate grounds for rejecting Dr. Pahl's medical opinion – the undersigned recommends that the court reverse and remand the Commissioner's decision.

The undersigned advises the parties of their right to file an objection to the report and recommendation with the Clerk of this Court by February 11, 2015 in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 22nd day of January, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE