# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JAMES LOUIS DOCKEMEYER, JR., )
                                              )
               Plaintiff, )
vs. )             NO. CIV-13-1328-HE
                                                )
CAROLYN W. COLVIN, Acting )
COMMISSIONER OF SOCIAL )
SECURITY ADMINISTRATION, )

## ORDER

The court previously entered an order and judgment reversing and remanding this case
for further administrative proceedings. Upon remand, the Commissioner of the Social
Security Administration issued a favorable decision finding that plaintiff is disabled and
entitled to benefits beginning in December 2009. Plaintiff now has filed a motion seeing
attorney's fees under 42 U.S.C. § 406(b).[1] He requests fees in the amount of $23,036.98,
which he asserts is 25 percent of the past-due benefit award of $92,147.92.[2] The
Commissioner did not take a position as to either the timeliness of the fee request or, for the
most part, its reasonableness, but instead stated the standards to be applied.

The requested fee is within the statutory cap and, considering the contingent nature of

---

[1]Section 406(b)(1)(A) provides in pertinent part: "Whenever a court renders a
judgment favorable to a claimant under this subchapter who was represented before the court
by an attorney, the court may determine and allow as part of its judgment a reasonable fee for
such representation, not in excess of 25 percent of the total of the past-due benefits to which
the claimant is entitled by reason of such judgment ...."

[2]Although the Commissioner challenged the amount of the back benefit award plaintiff
claimed he had received, plaintiff explained in his reply brief the basis for his assertion that
he received back benefits in the amount of $92,147.92 and the court is satisfied that that is
the correct amount.

the fee agreement, *see* Doc. #30-1, the time expended by counsel on the case, Doc. #30-4, and the results reached, the court finds $23,036.98 is a reasonable fee.[3] *See* <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 807 (2002) ("Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.").

Plaintiff was previously awarded fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $7,581.70. He is entitled to a refund of the excess EAJA award, which his counsel is directed to repay him immediately upon receipt of the fees awarded under § 406(b).

Accordingly, the plaintiff's motion for an award of attorney's fees [Doc. #30] is **GRANTED**. The court approves an award of attorney's fees under 42 U.S.C. §406(b) in the amount of $23,036.98 to plaintiff's attorney Steve A. Troutman of Troutman & Troutman, P.C. **IT IS SO ORDERED**.

Dated this ___5th___ day of May, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[3]Plaintiff's submissions indicate counsel spent a total of 41.6 hours in connection with court proceedings in the case (37.9 attorney hours and 3.7 paralegal hours).

2